IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,          *
           Plaintiff,          *
                       *
           v.          *    CIVIL NO. JFM-02-424
                       *
3866 IVORY ROAD, etc.,          *
           Defendant,          *
                       *
        and          *
CONSUELO REGAN and          *
JOSEPH STEVEN LAWRENCE REGAN,          *
           Claimants.          *
               *  *  *  *  *  *  *

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by and through undersigned counsel, hereby moves for entry of an order of forfeiture, and in support of such motion states the following:

1.  The Verified Complaint for Forfeiture of the defendant property, which, the government submits, sets forth probable cause for the forfeiture of the defendant property, was filed on or about February 11, 2002.

2.  On or about February 27, 2002, the United States Marshal posted notice of these proceedings at the defendant property.

3.  As the Verified Complaint sets forth, the property is owned by Consuelo Regan and Joseph Steven Lawrence Regan.  On or about June 6, 2003, Consuelo Regan, Joseph Steven Lawrence Regan and the government agreed to disposition of the defendant property.

A copy of the settlement agreement is annexed hereto as Exhibit A.

4.    According to the agreement, the government agrees to file a release of lis pendens that was filed in Howard County.

5.    On or about July 11, 2003, the claimants, Consuelo Regan, Joseph Steven Lawrence Regan, submitted an official check in the amount of $43,500 to the government, in accordance with the agreement to be substituted for the defendant property.  The claimants agreed that the check is to be treated as the substitute defendant property in this case for all purposes, including jurisdiction and disposition, in accordance with 19 U.S.C. § 1613(c).

6.    In the agreement, the claimants neither admit not dispute that there is probable cause to believe that the defendant property is forfeitable, and in paragraph 4 of the agreement the claimants agreed that the substitute defendant check should be forfeited to the United States.

7.    On or about March 15, 2002, notice of the pendency of this case was published in the Howard County Times, a newspaper of general circulation in Howard County, Maryland, pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims.  A copy of the advertising certification is attached hereto as Exhibit B.

8.    No other claimant has come forward within the time allotted by law for the filing of claims, which is within thirty (30) days of the date of publication.  18 U.S.C. section 983 (a)(4)(A).

2

**WHEREFORE**, the United States of America respectfully requests that the Court enter judgment for the United States of America under the terms and conditions of the draft order submitted herewith for the convenience of the Court.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

Richard C. Kay
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692
(410) 209-4800

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 16, 2003, a copy of the foregoing Motion for Final Order of Forfeiture was mailed first class, postage prepaid to Arcangelo Tuminelli, Esquire, 1005 North Calvert Street, Baltimore, Maryland 21202.

Richard C. Kay
Assistant United States Attorney

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,
          Plaintiff,

    v.

3866 IVORY ROAD, etc.,
          Defendant,

      and
CONSUELO REGAN and
JOSEPH STEVEN LAWRENCE REGAN,
          Claimants.

CIVIL NO. JFM-02-424

\* \* \* \* \* \* \*

## FINAL ORDER OF FORFEITURE

Upon review of the government's Motion for Final Order of Forfeiture and the entire record, it is this _____ day of July 2003, **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The United States of America has provided constructive notice by publication of the pendency of this forfeiture action;

2. The time for the filing of any claim to contest this forfeiture has expired;

3. The United States of America has shown that there was reasonable cause for the seizure of the defendant property under 28 U.S.C. § 2465;

4. In accordance with the Settlement Agreement annexed to the government's motion, the official check in the amount of $43,500 is accepted as the substitute defendant property in accordance with 19 U.S.C. section 1615(c) and is condemned and all rights, title, and interest of Consuelo Regan and Joseph Steven Lawrence Regan, and any and all other persons in that substitute

defendant property is HEREBY FORFEITED to the United States of America.

     5.    The U.S. Marshals Service shall dispose of the defendant property and the substitute defendant property in accordance with law and in accordance with the agreement annexed to the government's motion.

     6.    The clerk's office shall provide a copy of this order to all counsel of record

_____
J. Frederick Motz
United States District Judge