RCK:ivory road\settlement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 3866 IVORY ROAD, etc. | : | Civil No. JFM-02-424 |
| Defendant. | : | |
| | : | |
| and | : | |
| | : | |
| CONSUELO REGAN and | : | |
| JOSEPH STEVEN LAWRENCE REGAN, | : | |
| Claimants | : | |

...oOo...

**SETTLEMENT AGREEMENT**

This Settlement Agreement is made by and between Consuelo Regan and Joseph Steven Lawrence Regan ("the claimants") and the United States of America ("the government"):

**WHEREAS**, this case was initiated by the filing of a Verified Complaint for Forfeiture on or about February 11, 2002, which, the government submits, sets forth reasonable cause to believe that the defendant property, 3866 Ivory Road, Glen Elg, Maryland, is forfeitable pursuant to 21 U.S.C. section 881(a)(7); and

**WHEREAS**, on or about February 28, 2002, the government recorded a lis pendens pertaining to this case in the land records of Howard County as to the defendant property; and

**WHEREAS**, the U.S. Marshals Service posted notice of these proceedings at the defendant property on February 27, 2002; and

**WHEREAS**, land records for Howard County indicate that the defendant property is owned by the claimants and that Sandy Spring

**EXHIBIT A**

National Bank of Maryland holds a Deed of Trust to the real property as a lienholder; and

**WHEREAS**, on or about March 1, 2002, counsel for the claimants contacted government counsel concerning the interests of the claimants; and

**WHEREAS,** notice of the pendency of this forfeiture was published in the Baltimore Sun, a newspaper of general circulation in the Howard County area, on or about March 14, 2002; and

**WHEREAS,** no other claimants have come forward as of the date of this agreement; and

**WHEREAS,** there are no other known owners, liens, or judgments pertaining to the defendant property; and

**WHEREAS**, the claimants neither admit nor dispute the government's assertion that reasonable cause existed for the seizure and forfeiture of the defendant property; and

**WHEREAS**, the claimants and the government wish to reach a fair and expedited resolution to this matter;

**NOW, THEREFORE**, for the foregoing reasons and for good and substantial consideration, the adequacy and receipt of which is hereby acknowledged, the claimants and the government agree as follows:

    1. The parties agree that a copy of this agreement shall be submitted to the Court in support of a motion for a final order of forfeiture that conforms to the terms of this agreement.

    2. (a) The claimants agree to submit a certified check or an official bank check in the amount of $43,500 to the

United States Attorney's Office, 6625 U.S. Courthouse, 101 West Lombard Street, Baltimore, Maryland 21201, within 30 days of the date of government counsel's execution of this agreement. The check shall be made payable to the U.S. Marshals Service.

   (b)   The parties agree that the government's receipt of the check mentioned in this paragraph shall be a condition precedent to the government's obligation to file a release of the lis pendens in accordance with paragraph 3.

   (c)   If the claimant's payment in accordance with this paragraph is late, the claimants agree to pay interest on the due payment at the annual rate of 10%.

   3.   The government agrees to file a release of the lis pendens that was filed in Howard County upon receipt of the check described in paragraph 2.

   4.   The parties agree that the check described in paragraph 2 shall be treated as the defendant property in this case for all purposes including jurisdiction and disposition, in accordance with 19 U.S.C. section 1613(c). The government agrees that a final order of forfeiture as to the substitute defendant property shall operate as a final order as to the defendant property based on the allegations in the Verified Complaint.

   5.   The claimants agree to forfeit all rights, title, and interest in the substitute defendant check described in paragraph 2.

6. The claimants agree to indemnify and hold the government harmless from and against all claims, damages, losses, and action resulting from or arising out of this forfeiture action.

7. The parties agree that all notes and liens pertaining to the defendant real property shall continue in full force and effect.

8. Each party agrees to bear its own costs and attorney fees in pursuing and defending the forfeiture.

9. This agreement states the entire agreement reached between the parties hereto.

5-2-03
Date

Thomas M. DiBiagio
UNITED STATES ATTORNEY

Richard C. Kay
Assistant United States Attorney
Attorney for Plaintiff
United States of America

6/6/03
Date

Consuelo Regan

6/6/03
Date

Joseph Steven Lawrence Regan

6/6/03
Date

Arcangelo Tuminelli, Esquire
Attorney for Consuelo Regan and
Joseph Steven Lawrence Regan

4



**OFFICIAL CHECK**

001054854

**1ST MARINER BANK**
P.O. BOX 25959 • BALTIMORE, MD 21224

ISSUED BY: TRAVELERS EXPRESS COMPANY, INC.
P.O. BOX 9476, MINNEAPOLIS, MN 55480
DRAWEE: HUNTINGTON NATIONAL BANK
COLUMBUS, OH

25-1554 / 440

1ST MARINER BANK  43,500 DOL 00 CTS
DATE    ACCOUNT NUMBER    AMOUNT PAYABLE
*****June 5, 2003***********************$43,500.00

DRAWER: 1ST MARINER BANK

PAY TO THE ORDER OF   The United States Marshall's Office

memo: JFM-02-424

AUTHORIZED SIGNATURE

⑈001054854⑈ ⑆044015543⑆ 016001052335 7⑈